UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT STOLARIK,                                )       Civil Action No. 15-5858
                         Plaintiff,       )       **COMPLAINT**
      -against-                          )
                                          )       **JURY TRIAL DEMANDED**
                                          )
THE CITY OF NEW YORK, NYPD POLICE
OFFICER MICHAEL ACKERMANN, and     )
JOHN DOES 1-6
                                          )
                      Defendants.       ECF Case
------------------------------------------------------------x

       Plaintiff ROBERT STOLARIK, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights, and alleges as follows:

## PRELIMINARY STATEMENT

       1.     This is a civil rights action in which the Plaintiff, ROBERT STOLARIK, seeks relief for the Defendants' violations of his rights secured by 42 U.S.C. §1983 and by the United States Constitution, including its Fourth and Fourteenth Amendments, for his wrongful arrest and malicious prosecution. Plaintiff, an accomplished photojournalist, was simply doing his job when an NYPD police officer ordered Plaintiff to stop taking photographs, and when he did not, Plaintiff was arrested without probable cause. The arresting officer then falsified official records in order to justify Plaintiff's wrongful arrest. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

       2.     This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and

Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

3. Venue in this District is also proper under 28 U.S.C. §1391(b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

4. As mandated by the Supremacy Clause, in relation to actions brought pursuant to 42 U.S.C. §1983, Plaintiff is not required to comply with N.Y. Gen. Mun. L. sec. 50-h with regard to filing a Notice of Claim.

## JURY TRIAL DEMANDED

5. Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6. At all times relevant to this action, Plaintiff ROBERT STOLARIK was a resident of Kings County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of Defendant NYPD Police Officer MICHAEL ACKERMANN and JOHN DOES 1-6.

8.      Defendant ACKERMANN and JOHN DOES 1-6 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacities.

9.      By the conduct, acts, and omissions complained of herein, Defendant ACKERMANN and JOHN DOES 1-6 violated clearly established constitutional standards under the Fourth and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

## STATEMENT OF FACTS

10.     Plaintiff Robert J. Stolarik, who is 46 years old, is an accomplished freelance photographer. Plaintiff has worked regularly as a photojournalist for the New York Times since 2000.

11.     On August 4, 2012, Plaintiff was on assignment for the New York Times with two reporters who were conducting street interviews in the Concourse neighborhood of the Bronx.

12.     Plaintiff was taking photographs of a brewing street fight at McClennan Street and Sheridan Avenue when, at approximately 10:30 p.m., Defendant ACKERMANN of the New York City Police Department's 44th Precinct and JOHN DOES 1-6 arrived on the scene and arrested a teenage girl.

13.     Plaintiff was then instructed by an unknown female officer to stop taking photographs. In response, Plaintiff identified himself as a photojournalist for the New York Times and continued taking photographs.

14.     Defendant ACKERMANN then approached Plaintiff and aggressively pushed the camera into Plaintiff's face. When Plaintiff repeatedly asked for the officers' badge numbers, Defendant ACKERMANN and JOHN DOES 1-6 grabbed Plaintiff's cameras and dragged Plaintiff to the ground. While on the ground, Plaintiff was surrounded by up to six police officers. Defendants ACKERMANN and JOHN DOES 1-6 dragged, kicked, and stomped on Plaintiff while he was on the ground. As a result, Plaintiff sustained scrapes and bruises to his arms, legs, and face.

15.     Defendant ACKERMANN then placed Plaintiff under arrest and transported him to the 44th Precinct station. Despite their knowledge of the absence of probable cause to arrest Plaintiff, Defendant JOHN DOES 1-6 failed to intervene to prevent Plaintiff's wrongful arrest. Plaintiff was held at the Precinct until 4:40 a.m. the next morning.

16.     In order to justify his baseless arrest of Plaintiff, Defendant ACKERMANN fabricated the circumstances underlying the arrest. In the criminal complaint filed against Plaintiff on October 19, 2012, Defendant ACKERMANN falsely claimed that Plaintiff interfered with his arrest of the teenage girl by repeatedly discharging his camera's flash in his face, which he claimed blinded him and prevented him from performing his duties. Plaintiff was charged

4

with Resisting Arrest under P.L. 205.30, Obstructing Governmental Administration under P.L. 195.05, Disorderly Conduct under P.L. 240.20, and Harassment under P.L. 240.26(1).

17. Plaintiff was arraigned on November 26, 2012, and released on his own recognizance.

18. At the time of Plaintiff's arrest, his camera equipment and press credential were confiscated. As a result, Plaintiff was unable to work. On August 10, 2012, Plaintiff's camera equipment was returned to him, but his press credential was not.

19. On August 23, 2012, Plaintiff's press credential was returned to him. However, he was issued a press credential with a different expiration date. The credential that had been taken from him expired on January 15, 2013, and the credential returned to him expired on November 30, 2012.  Each new credential issued to plaintiff expired on his next scheduled court date.

20. The majority of Plaintiff's work involved photographing the interactions between police and citizens.  Following his arrest, he was no longer given these assignments.

21. An internal police department investigation of this incident found that there was no flash attached to Plaintiff's camera at the time of the incident. The investigation further found that Plaintiff's camera could not discharge a flash without an attachment. Photographs taken at the scene also revealed that no flash was used and no other witnesses reported seeing Plaintiff's camera discharge a flash.

22. As a result of the police department's findings, all criminal charges against Plaintiff stemming from this incident were dismissed in or about April 2013.

23. On August 21, 2013, a Bronx grand jury indicted Defendant ACKERMANN for wrongfully arresting Plaintiff. Defendant ACKERMANN was charged with Falsifying Business Records in the First and Second Degrees under P.L 175.10 and P.L. 175.05, Tampering with

Public Records in the First and Second Degrees under P.L. 175.25 and P.L. 175.20, Offering a False Instrument for Filing in the First and Second Degrees under P.L. 175.35 and P.L. 175.30, Official Misconduct under P.L. 195.00, and Making a Punishable False Written Statement under P.L. 210.45.

24. Defendant ACKERMANN was arraigned on August 26, 2013 and released on his own recognizance. He faces a maximum of 7 years imprisonment if convicted of the most serious charge, Tampering with Public Records in the First Degree, which is a Class D felony. As of today's date, Defendant ACKERMANN remains at liberty and a trial date has not been set.

25. Defendant ACKERMANN was suspended without pay until the resolution of the criminal charges against him.

## CAUSES OF ACTION

### FIRST CLAIM: FALSE ARREST

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983**

26. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

27. The conduct and actions of Defendant ACKERMANN and Defendant DOES 1-6 on August 4, 2012, acting under color of law, in arresting and detaining or causing the arrest and detention of Plaintiff without probable cause was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts and was done without lawful justification or reason in violation of Plaintiff's constitutional rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution.

28. Defendant ACKERMANN and DOES 1-6 are liable for ordering and/or directly participating in the acts described herein and for failing to intervene to protect Plaintiff from the unconstitutional conduct of their fellow officers.

29. As a direct and proximate cause of the foregoing, Plaintiff was deprived of his liberty, was subjected to physical and emotional pain and suffering, and was otherwise damaged and injured.

### SECOND CLAIM: MALICIOUS PROSECUTION

**DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983**

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

31. Defendant ACKERMANN and DOES 1-6, with malice, and knowing that probable cause did not exist to arrest and prosecute Plaintiff, acting individually and in concert, caused Plaintiff to be arrested, charged, and prosecuted, thereby violating Plaintiff's clearly established right, under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable searches and seizures.

32. Specifically, Defendant ACKERMANN and DOES 1-6, with malice, knew or in the absence of their deliberate and reckless indifference to the truth, should have known that probable cause did not exist to arrest and prosecute Plaintiff because the essence of the charges against Plaintiff involved Plaintiff possessing and using a flash to disrupt their arrest of a teenage girl. It is now an undisputed fact that Plaintiff neither used nor possessed a flash for his camera on the night in question. Defendant ACKERMANN and DOES 1-6 knew that there was absolutely no basis for Plaintiff's arrest and prosecution, but either took actions to continue

Plaintiff's wrongful arrest and prosecution, or failed to take actions to prevent Plaintiff's wrongful arrest and prosecution.

33. Defendant ACKERMANN, acting with malice, knowingly and intentionally falsified statements of fact in the criminal complaint filed against Plaintiff, statements Defendant ACKERMANN knew were false but swore were truthful, providing the factual basis for the wrongful criminal charges filed against Plaintiff. These actions directly resulted in the continuance of Plaintiff's malicious prosecution. Defendant ACKERMANN's fabrication of a series of events in order to justify the wrongful arrest of Plaintiff violated Plaintiff's clearly established constitutional rights.

34. Defendant ACKERMANN and DOES 1-6 performed the above-described acts with malice, under color of state law, deliberately, intentionally, or with reckless disregard for the truth and for Plaintiff's constitutional rights. No reasonable officer would have believed this conduct was lawful.

35. As a direct and proximate result of the actions of Defendant ACKERMANN and DOES 1-6, Plaintiff was maliciously prosecuted until the date of the dismissal of the charges against Plaintiff in April 2013. As a direct result of his malicious prosecution, Plaintiff suffered loss of employment, loss of his usual work assignments, was subjected to emotional pain and suffering, and was otherwise damaged and injured.

### THIRD CLAIM: PUNITIVE DAMAGES
### AGAINST DEFENDANT OFFICER MICHAEL ACKERMANN, In His Official and Individual Capacity

35. Plaintiff re-alleges and incorporates by reference the allegations set forth in each preceding paragraph as if fully set forth herein.

36. Defendant ACKERMANN, In His Official and Individual Capacity, was indifferent to Plaintiff's constitutional rights in that ACKERMANN wantonly and maliciously fabricated the basis for Plaintiff's wrongful arrest and made false statements under oath which served as the basis for the wrongful criminal complaint filed against Plaintiff.

38. Punitive damages are warranted against Defendant ACKERMANN for his wanton and malicious conduct toward Plaintiff.

## FOURTH CLAIM:  MUNICIPAL LIABILITY

### LIABILITY OF DEFENDANT CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS

39. Plaintiff incorporates by reference the allegations set forth in each and every preceding paragraph as if fully set forth herein.

40. The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

41. Upon information and belief, at all times relevant to this complaint, Defendant CITY OF NEW YORK, acting through its police department, had *de facto* policies, practices, customs and usages that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

42. These policies, practices, customs, and usages, include *inter alia*, failing to properly train, supervise and discipline its police officers, including the defendant officers, and

failing to adequately investigate citizen complaints of police misconduct, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Instead, acts of police misconduct were tolerated by the CITY OF NEW YORK, and the City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

43. At all relevant times herein, Defendant CITY OF NEW YORK, acting through the NYPD had *de facto* policies, practices, customs and usages of encouraging and/or tacitly sanctioning the violation of the constitutional rights of journalists, specifically photojournalists, to intimidate them and prevent them from photographing the conduct and potential misconduct of on-duty NYPD police officers.

44. More specifically, the CITY OF NEW YORK, acting through the NYPD, had a policy and practice of failing to properly train its employees and police officers as to the lawfulness of journalists taking photographs of NYPD police officers while conducting their official duties, thereby allowing the arrest and detention of persons whose conduct was entirely legal.

45. The CITY OF NEW YORK knew or should have known of the defendant officers' propensity to engage in this type of misconduct. Prior to August 4, 2012, the CITY OF NEW YORK was aware of numerous complaints of police misconduct involving the wrongful arrests of journalists and photojournalists by the NYPD, especially during the Occupy Wall Street protests that began the previous year. Despite its knowledge of such incidents of prior misconduct, the CITY OF NEW YORK failed to take remedial action.

46. The wrongful policies, practices, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the policymakers of the CITY OF NEW

YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiff's rights alleged herein.

47. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered loss of employment and loss of his usual work assignments, was subjected to emotional pain and suffering, and was otherwise damaged and injured.

**WHEREFORE**, Plaintiff demands the following relief against Defendants ACKERMANN and THE CITY OF NEW YORK:

    a. Compensatory damages in favor of Plaintiff in an amount to be determined by a jury;

    b. Punitive damages in favor of Plaintiff in an amount to be determined by a jury;

    c. The convening and empanelling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 27, 2015

_____s/_____
LEAH M. BUSBY [LB-5589]
RONALD L. KUBY [RK-1879]
Law Office of Ronald L. Kuby
119 West 23rd Street, Suite 900
New York, New York 10011
Email: lbusby@kubylaw.com
(212) 529-0223 (t)
(212) 529-0644 (f)

Attorneys for Plaintiff